## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

MELISSA MAE JOHNSON,      )
     )
     Plaintiff,      )
     )
v.      )    Case No.: 4:18-cv-434-LCB
     )
SOCIAL SECURITY      )
ADMINISTRATION,      )
COMMISSIONER,      )
     )
     Defendant.      )

## MEMORANDUM OPINION AND ORDER

Before the Court is the complaint of plaintiff Melissa Mae Johnson. Plaintiff seeks judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Court has reviewed the pertinent record and the parties' briefs.

It is the duty of the Court to review the decision of the ALJ and not re-weigh the evidence or substitute its decision for the ALJ's. In particular, the Court must affirm the ALJ's decision if it is supported by substantial evidence, even if there is evidence that supports the opposite conclusion. The Court must also determine whether the ALJ applied the correct legal standards.

The Court finds substantial evidence to support the ALJ's decision. The ALJ did not err in failing to find that plaintiff did not meet Listing 11.02 regarding

1

seizure disorders. Plaintiff did not meet her burden to show that she met Listing 11.02. At almost all visits with Dr. Ata, plaintiff denied recent seizure activity and memory loss. (R. 643, 652, 655, 658, 660, 663, 666, 668, 671, 676, 678, 684). Dr. Ata also noted that her seizure order was stable and fairly well controlled. (*Id*. at 684). Dr. Ata's notes do indicate a seizure at the office in January 2017 (*id*. at 650) and a recent seizure in February 2017 (*id*. at 646). This, however, does not demonstrate that plaintiff met Listing 11.02.

Along those lines, there is no evidence that the ALJ did not take plaintiff's seizure calendar into account. The ALJ stated that he considered all symptoms alleged by plaintiff and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. Furthermore, the ALJ did acknowledge and take into account plaintiff's seizure disorder when formulating the RFC.

Moreover, an RFC finding is an issue that is separate and apart from whether a person meets a Listing. The ALJ can account for a limitation resulting from a severe impairment in the RFC, such as missing two days of work a month, even though that impairment does not rise to the level of a Listing. The ALJ did not commit error in this regard.

Additionally, there was good cause to not give substantial weight to Dr. Ata's conclusory, vague, and unsupported opinion that plaintiff "is unable to keep

the gainful employment because of multiple medical problems." (*Id*. at 632). The ultimate disability determination is made by the ALJ and the ALJ only. Furthermore, as the Court has noted, at almost all visits with Dr. Ata, plaintiff denied recent seizure activity and memory loss. While Dr. Ata did note seizure activity in January and February 2017, nothing else in Dr. Ata's records supports his opinion that plaintiff cannot work.

The ALJ properly relied on the vocational expert's testimony that there were jobs that plaintiff could perform in the national economy. The ALJ asked the vocational expert whether someone with plaintiff's limitations and who would miss up to two days a month could perform jobs in the national economy. The vocational expert said that two absences a month was acceptable, but that any more than that would preclude employment. In formulating the RFC, the ALJ found that plaintiff would have about two absences from work a month. Therefore, the ALJ was entitled to rely on the vocational expert's testimony that jobs are available in the national economy that plaintiff can perform.

Consequently, the Court finds that there is substantial evidence to support the Commissioner's determination of not disabled.

A final judgment will be entered separately.